FILED

JAN 2 5 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Steven Earl Williams,<br><br>    Plaintiff,<br><br>  v.<br><br>Chicago Police Detective Robert M. Smith, star # 20648; Chicago Police Detective David Salazar, star # 20437; Chicago Police Detective Jose J. Garcia, star # 20553; Chicago Police Detective Rogelio Lara, star # 20829; Chicago Police Detective Miguel Rios, star # 20286; Chicago Police Detective Michael D. Qualls, star # 21255; Chicago Police Detective Matthew J. Weber, star # 20489; Chicago Police Lieutenant David J. O'Callaghan, star # 475; Chicago Police Officer Kirven Martin, Jr., star # 13818; Chicago Police Officer Robert A. Bartik, star # 3078; Chicago Police Detective William J. McClelland III, star # 21251; Chicago Police Detective Russell L. Sutherland, star # 21346; Chicago Police Inv. D. Kinney, star # 40120; Chicago Police G/S T. Johnson, star # 60084; Unknown Chicago Police Officers, and the City of Chicago,<br><br>    Defendants. | No. **06C 0432**<br><br>JUDGE DER-YEGHIAYAN<br><br>MAGISTRATE JUDGE VALDEZ |

### PLAINTIFF'S COMPLAINT

Plaintiff Steven Williams, by one of his attorneys Maritza Martinez of Robert A. Fisher, Ltd., for his Complaint against Defendant officers, states as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42

1

U.S.C. Sec. 1983 et seq, and Sec. 1985; the judicial code 28 U.S.C. Sec. 1331 and Sec. 1343(a); the Fourth Amendment of the Constitution of the United States as incorporated and applied to state governments through the Fourteenth Amendment; and supplementary jurisdiction, as provided under U.S.C. Sec. 1367(a).

2. This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

## PARTIES

3. Plaintiff Steven Williams is a 30 year old Black man, born in Chicago, IL and a resident of the City of Chicago and the United States of America.

4. Defendants, Chicago Police Detective Robert M. Smith, star # 20648; Chicago Police Detective David Salazar, star # 20437; Chicago Police Detective Jose J. Garcia, star # 20553; Chicago Police Detective Rogelio Lara, star # 20829; Chicago Police Detective Miguel Rios, star # 20286; Chicago Police Detective Michael D. Qualls, star # 21255; Chicago Police Detective Matthew J. Weber, star # 20489; Chicago Police Lieutenant David J. O'Callaghan, star # 475; Chicago Police Officer Kirven Martin, Jr., star # 13818; Chicago Police Officer Robert A. Bartik, star # 3078; Chicago Police Detective William J. McClelland III, star # 21251; Chicago Police Detective Russell L. Sutherland, star # 21346; Chicago Police Inv. D. Kinney, star # 40120; Chicago Police G/S T. Johnson, star # 60084, and unknown Chicago police officers were, at the time of their occurrence, duly appointed Chicago police officers in uniform. They engaged in the conduct complained of in the course and scope of their employment and while they were on duty and under color of law. They were acting in their individual capacities. Defendant City

of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and as such is responsible for the policies, practices, and customs of the Chicago Police Department, its Superintendent of Police, its Office of Professional Standards (hereafter O.P.S.), its Personnel Division, its Internal Affairs Division (hereafter I.A.D.) and the Chicago Police Board.

## COUNT I – DUE PROCESS VIOLATION

5. On or about January 3, 2004, a General Progress Report Detective Division / Chicago Police, RD # [HK] 103547 (commonly referred to as a "GPR") was prepared containing false information relating to Steven Williams' alleged participation in unlawful conduct on January 2, 2004; Detective David Salazar, star # 20437, is the "reporting officer's signature and star" of said false report.

6. On January 22, 2004, a false Complaint for Preliminary Examination in Case No. 04 MC1 10293701 was filed with the Clerk of the Circuit Court which falsely alleged that Steven Williams had committed the offense of Aggravated Kidnaping 720 ILCS 5/10-2(a)5; although the named complainant was listed as "Anthony Baker," on said complaint:

    a. the Complainant's signature line was forged by Chicago Police Detective Jose J. Garcia, star # 20553, and bears initials "JG" and numbers "20553";

    b. after the legend: "being first duly sworn, HIS on oath, deposes and says the he/she read the foregoing complaint by him/her subscribed and that the same is true," Chicago Police Detective Jose J. Garcia, star # 20553, forged Anthony Baker's signature by placing the initials "JG" and numbers "20553"; and

3

    c. Chicago Police Detective Rogelio Lara, star # 20829, falsely swore that the complaint was "subscribed and sworn to before me 22 Jan., 2004," by signing in the signature line above "Judge or Clerk", the signature of "Dorothy Brown," his own (Lara's) signature, and his (Lara's) star number (20829).

7. On January 22, 2004, Chicago Police Detective Jose J. Garcia, star # 20553, provided false information relating to Steven Williams and caused a State Arrest Warrant to be issued, commanding the arrest of Steven Williams for the offense of Aggravated Kidnapping, 720 ILCS 5/10-2A5.

8. Some time between January 3, 2004 and January 22, 2004, Chicago Police Lieutenant David J. O'Callaghan, star # 475, provided false information to James M. Stover, Special Agent, Federal Bureau of Investigation regarding Steven Williams and induced James M. Stover to apply for an Unlawful Flight to Avoid Prosecution warrant with the United States District Court, Northern District of Illinois for the arrest of Steven Williams.

9. Based upon the false information, reports and statements of Defendant officers, an Unlawful Flight to Avoid Prosecution Warrant was issued on February 11, 2004, by the United States District Court, Northern District of Illinois for the arrest of Steven Williams.

10. On or about February 17, 2004, when there was no probable cause to stop, detain, and/or arrest Steven Williams, he was falsely arrested by Chicago Police Detective Robert M. Smith, star # 20648, Chicago Police Detective Michael D. Qualls, star # 21255, Chicago Police Detective Miguel Rios, star # 20286, and members of the FBI Chicago's Violent Crimes Task Force James M. Stover, Matthew R. Alcoke, Sean J. Burke, Joseph Stiller, P. Araya, Thomas J. Dillon, and Inv. Ed Legenza; and Steven Williams was transported

against his will to the Area 2 Chicago Police Station located at 727 East 111th Street, Chicago, IL.

11. On or about February 17, 2004, from approximately 1825 hours to 1838 hours, Chicago Police Detective Robert M. Smith, star # 20648, and Chicago Police Detective Miguel Rios, star # 20286, conducted a line-up at Area 2 Detective Division and placed Steven Williams in the lineup; during the lineup, no one viewing the lineup (neither Curtis Garmon, Millard Baker, Malik Baker, or Liz Baker) picked Steven Williams out from the lineup.

12. On February 17, 2004, Chicago Police Officer Kirven Martin, Jr., star # 13818, subjected Steven Williams to a Buccal swab and to fingerprinting.

13. On February 17, 2004 at approximately 2105 hours, Chicago Police Officer Robert A. Bartik, star # 3078, subjected Steven Williams to a polygraph test, and verbally and in written Chicago police department reports falsely stated that deception was indicated during the polygraph test of Steven Williams.

14. On or about February 17, 2004, without probable cause and without having broken any city, state, or federal law, Chicago Police Detectives Robert M. Smith, star # 20648, Michael D. Qualls, star # 21255, and Miguel Rios, star # 20286, and with the assistance of Chicago Police Detective Matthew J. Weber, star # 20489, Chicago Police Detective William J. McClelland III, star # 21251; Chicago Police Detective Russell L. Sutherland, star # 21346, Chicago Police Inv. D. Kinney, star # 40120, and Chicago Police G/S T. Johnson, star # 60084, prepared false police reports and swore out false and forged complaints against Steven Williams falsely alleging the commission of multiple counts of each of the following offenses: 720 ILCS 5/10-2(a) Aggravated Kidnapping; 720 ILCS 5/18-4(A)(2) Aggravated Vehicular Hijacking; 720 ILCS 5/12-11(a)(3) Home Invasion; and 720 ILCS 5/18-2(a) Armed Robbery.

15. On February 18, 2004, 15 false Complaints for Preliminary Examination were filed with the Clerk of the Circuit Court Case, in case number 04 MC1 112981, which falsely alleged that Steven Williams had participated in unlawful conduct; although the named complainants were listed as "Liz Baker, Anthony Baker, Talisa Garmon, Curtis Garmon, Eric Williams, Millard Baker, and Malik Baker," on said complaints:

   a. each of the Complainants' signature lines were forged by Chicago Police Detective Miguel Rios, star # 20286;

   b. after each of the legends: "being first duly sworn, HIS on oath, deposes and says the he/she read the foregoing complaint by him/her subscribed and that the same is true," Chicago Police Detective Miguel Rios, star # 20286, forged each of the Complainants' signatures, and

   c. a false swearing was made with regard to each attestation that the complaint was "subscribed and sworn to before me 18 Feb., 2004," by the signing in the signature line above "Judge or Clerk", the signature of "Dorothy Brown," and the signatures and the star numbers of: Chicago Police Detective Miguel Rios (star # 20286), Chicago Police Detective Robert M. Smith (star # 20648), and other unknown Chicago police officers.

16. Chicago Defendant Officers had their false reports tendered to their superiors, to the Federal Bureau of Investigation, and to Assistant State's Attorneys who relied on the false reports.

17. On March 15, 2004, Chicago Police Detective Robert M. Smith, star # 20648,

falsely testified, in case number 04 CR 5488, before the Grand Jury that Steven Williams: had participated in unlawful conduct, and had been identified by Anthony Baker in a photo array as one of the individuals that took part in Anthony Baker's abduction, the illegal entry into the home of Curtis and Talisa Garmon (aged approximately 10 and 11 years) located at 11738 South Eggleston, Chicago, IL, the taking of money from Anthony Baker and Curtis and Talisa Garmons, and the blindfolding and duct taping of Anthony Baker and Curtis and Talisa Garmon.

18. On March 15, 2004, Chicago Police Detective Robert M. Smith, star # 20648, falsely testified, in case number 04 CR 5489, before the Grand Jury that Steven Williams: had participated in unlawful conduct; had been identified by Anthony Baker as one of the individuals that took part in Anthony Baker's abduction and the taking of Anthony Baker's 1995 Dodge, and had been identified by Millard Baker in a photo array as one of the offenders who participated in this case.

19. On March 19, 2005, Chicago Police Detective Robert M. Smith, star # 20648, and Chicago Police Detective Miguel Rios, star # 20286, caused to be filed with the Clerk of the Circuit Court, in case numbers 04 CR 5488 and 04 CR 5489, false True Bills which falsely alleged the commission of 17 felony offenses.

20. The 17 false True Bills filed on March 19, 2005, in case numbers 04 CR 5488 and 04 CR 5489, falsely alleged that Steven Williams committed multiple counts of each of the following offenses: 720 ILCS 5/10-2(a) Aggravated Kidnapping; 720 ILCS 5/18-4(A)(2) Aggravated Vehicular Hijacking; 720 ILCS 5/12-11(a)(3) Home Invasion; and 720 ILCS 5/18-2(a) Armed Robbery.

21. On July 7, 2005, Steven Williams was tried before the Honorable James B. Linn; at the beginning of such trial, Steven Williams was advised by the court

7

that:
> All of these cases if you are found guilty of what you are accused of on multiple counts on both cases if you were found guilty you would have to be sentenced to the penitentiary from six to thirty years, you could be fined up to $25,000 on each case, you would have to serve at least three years mandatory supervised release which is like parole, and some of these counts would mean that if you were convicted whatever time you have to serve would have to be served at least eighty-five percent of the sentence.

22. Steven Williams' bench trial was commenced on July 7, 2005 and was continued on July 14, 2005.

23. During Steven Williams' bench trial, Chicago Police Detective Robert M. Smith, star # 20648, falsely testified before the Honorable James B. Linn that Steven Williams had: participated in unlawful conduct; gotten picked out by Anthony Baker as one of the individuals that took part in Anthony Baker's abduction and the taking of Anthony Baker's 1995 Dodge, and been identified by Millard Baker in a photo array as one of the offenders who participated in this case.

24. Steven Williams remained in the custody of the Cook County Department of Corrections from the time of his arrest on February 14, 2004, until such time as he was found not guilty of all counts at the close of the State of Illinois' case on July 14, 2005, a period of approximately one (1) year and five (5) months.

25. Plaintiff's constitutional right to be free from false and malicious charges, based on knowingly false police reports and testimony, was violated by the Defendant officers.

26. Plaintiff suffered actual damages as a direct and proximate result of the Defendant officers' unconstitutional acts.

27. As a direct and proximate result of the wrongful actions of the Defendant

8

officers, Plaintiff suffered mental, emotional and physical damage and traumas, humiliation, loss of his liberty, mental distress and anguish, was prevented from going about his regular business, and was deprived of his Constitutional right of association.

28. Defendant officers acted maliciously and caused Plaintiff to be humiliated and embarrassed and unlawfully held in custody.

29. The charges of which Steven Williams was found not guilty cannot be reinstated.

WHEREFORE, Plaintiff Steven Williams prays the Court will award him actual and punitive damages as well as costs and reasonable attorney fees against Defendant Police Officers.

## COUNT II - 42 U.S.C. SEC.1983 FALSE ARREST AND DETENTION CLAIM

30. Plaintiff realleges paragraphs 1 through 29.

31. The actions of the Defendant officers were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, his injuries, mental suffering, anguish and humiliation, and loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, Plaintiff Steven Williams prays the Court will award him actual and punitive damages as well as costs and reasonable attorney fees against Defendant Police Officers.

## COUNT III - 42 U.S.C. SEC. 1983 CONSPIRACY CLAIM

32. Plaintiff realleges paragraphs 1 through 29.

33. Defendant officers acting together and under the color of law, reached an understanding and agreement, engaged in a course of conduct and otherwise conspired among and between themselves to deprive Plaintiff of his Constitutional rights, and to deprive him of said rights, including his right to be free from unreasonable search, arrest, detention, his right to due process of law, as protected by the Fourth Amendment to the U.S. Constitution and 42 U.S.C. Sec. 1983.

34. In furtherance of their conspiracy or conspiracies, the Defendant officers committed the overt acts set forth above, including, but not limited to, the illegal entry, the unreasonable search, the arrest, charging, detention, imprisonment, and prosecution without probable cause, the filing of false and incomplete reports, the making of false and incomplete statements, the false testimony before grand juries and judges, and the cover-up of their misconduct.

35. Said conspiracy or conspiracies and overt acts caused said constitutional violations, and said injuries, pain, suffering, and mental anguish, as set forth above.

WHEREFORE, Plaintiff Steven Williams prays the Court will award him actual and punitive damages as well as costs and reasonable attorney fees against Defendant Police Officers.

10

## COUNT IV – PENDENT STATE LAW CLAIM FOR MALICIOUS PROSECUTION

36. Plaintiff realleges paragraphs 1 through 29.

37. The actions of Defendant officers in falsely charging and prosecuting Plaintiff, thereby causing him to lose his liberty and be criminally prosecuted and be imprisoned, were done in a willful and wanton manner and constituted the tort of malicious prosecution under the laws of the Constitution of the State of Illinois, and did directly and proximately cause the injuries, pain and suffering, severe mental and emotional distress, anguish, humiliation, loss of liberty, and damages to Plaintiff, as claimed above.

WHEREFORE, Plaintiff Steven Williams prays the Court will award him actual and punitive damages as well as costs and reasonable attorney fees against Defendant Police Officers.

## COUNT V – PENDENT STATE LAW CLAIM FOR FALSE IMPRISONMENT

38. Plaintiff realleges paragraphs 1 through 29.

39. The actions of the Defendant officers in falsely charging and prosecuting Plaintiff, thereby causing him to lose his liberty and be criminally prosecuted and be imprisoned, were done in a willful and wanton manner and constituted the tort of false imprisonment under the laws of the Constitution of the State of Illinois, and did directly and proximately cause the injuries, pain and suffering, severe mental and emotional distress, anguish, humiliation, loss of liberty, and damages to Plaintiff, as claimed above.

WHEREFORE, Plaintiff Steven Williams prays the Court will award him actual and punitive damages as well as costs and reasonable attorney fees against Defendant Police Officers.

### COUNT VI – PENDENT STATE LAW CLAIM FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiff realleges paragraphs 1 through 29.

41. In carrying out the illegal and unreasonable actions of preparing false police reports, forging complaints, falsely charging Steven Williams, and falsely testifying against Steven Williams, thereby causing him to lose his liberty and be criminally prosecuted and be imprisoned, Defendant officers engaged in extreme and outrageous conduct.

42. In subjecting Steven Williams to a Buccal swab, polygraph examination, lineup and fingerprinting, the Defendant officers engaged in extreme and outrageous conduct.

43. These Defendant officers intended, by subjecting Steven Williams to such humiliating, degrading, and unconstitutional and illegal conduct, to inflict severe emotional distress on Steven Williams, or knew there was a high probability that their conduct would cause Steven Williams severe emotional distress.

44. The conduct and actions of the Defendant officers, as set forth above, were done in a willful and wanton manner and were the direct and proximate cause of Steven Williams' severe emotional distress, embarrassment and humiliation and constitute intentional infliction of severe emotional distress under the laws of the State of Illinois.

WHEREFORE, Plaintiff Steven Williams prays the Court will award him actual and punitive damages as well as costs and reasonable attorney fees against Defendant Police Officers.

## COUNT VII – STATUTORY INDEMNIFICATION
(745 ILCS 10/9-102 Claim Against the City of Chicago)

45. Plaintiff realleges paragraphs 1 through 44.

46. Defendant City of Chicago was the employer of each of the Defendant officers at all times relevant to this complaint.

47. At all relevant times 745 ILCS 10/9-102 was in full force and effect.

48. These Defendant officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, Plaintiff Steven Williams prays the Court will award him actual damages and costs against the City of Chicago.

Respectfully submitted,

_____
MARITZA MARTINEZ
ROBERT A. FISHER, LTD.
Attorney for Steven Williams

Dated this 25th date of January, 2006.

MARITZA MARTINEZ
ROBERT A. FISHER, LTD.
20 South Clark Street
Suite 700
Chicago, IL 60603
Atty. No. 06200923
(312) 372-8888

13